IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

SHARON KAY WILLARD, individually
and for all others similarly situated,

    Plaintiff,

vs.        CASE NO. 5:09-cv-110/RS-MD

HOME DEPOT, U.S.A., INC.,

    Defendant.
_____/

## ORDER

Before me is Defendant's Motion to Dismiss (Doc. 8).

Plaintiff seeks damages on behalf of herself and others similarly situated "to stop Home Depot from knowingly breaching its contract with customers, and to put an end to Defendant's nationwide consumer fraud scheme." (Doc. 21 at 5). On November 30, 2007, Plaintiff entered into a contract with Home Depot for a forty-gallon electric hot water heater. (Doc. 1-3 at 1). Plaintiff further agreed to pay Home Depot an additional $350 to arrange for a subcontractor to install the water heater in Plaintiff's home. (Doc. 1-3 at 1,6). The installation charge included a $35 fee for a permit to install the water heater. (Doc. 1-3 at 2). Plaintiff admits that her place of residence, the City of Callaway, Florida, requires a permit to replace a hot water heater. (Doc. 1 at ¶ 51). Plaintiff alleges that neither Home

Depot nor its subcontractor obtained the permit. Plaintiff further alleges that Home Depot charges permit fees to its customers purchasing hot water heaters, but does not pay those fees to the applicable government agencies responsible for issuing the permits "either because no such permits are required in the first place, or because Home Depot does not secure permits even if they are required." (Doc. 21 at 5). Plaintiff brings her action for breach of contract, breach of implied covenant of good faith and fair dealing, unjust enrichment, money had and received, and for violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA")(Fla. Stat. § 501.201 (2008)).

In order to overcome a motion to dismiss, a plaintiff must allege enough facts to state a claim to relief that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007). A wholly conclusory statement of a claim will not suffice. *Id*. at 561-63. When ruling on a motion to dismiss, all factual allegations in the complaint must be accepted as true. *Id*. at 556.

Defendant asserts that "Plaintiff's claims are barred as a result of her failure to comply with her contractual obligation to notify Home Depot of any purported claims within thirty days after learning of those claims . . . ." (Doc. 9 at 2). A clear reading of the notice provision of the sales contract, however, shows that the contractual language is not mandatory. The provision reads, in pertinent part,

"You agree any claims against Home Depot or Professional under this Agreement **should** be made to Home Depot within thirty (30) calendar days of the date You first become aware of the problem." (Doc. 1-3 at 6) (emphasis added). Home Depot's use of the word "should" indicates that the provision is not required. Furthermore, nothing in the provision indicates that failure to comply with this provision will act to bar the filing of a lawsuit. Consequently, there are no contractual terms barring the filing of Plaintiff's suit.

Even though the contract does not bar this lawsuit, there are flaws with Plaintiff's complaint. Since Plaintiff's place of residence requires a permit to replace a hot water heater, the collection of the permit fee was proper. Plaintiff, therefore, has no standing to assert claims based on Home Depot's alleged collection of permitting fees in localities where no such permitting fees are required. Plaintiff's allegation that Home Depot's motive was to collect the fee and never pay it is wholly conclusory and is therefore insufficient to survive a motion to dismiss. *Twombly*, 550 U.S. at 561-63. As a result, the only claim that remains is Plaintiff's claim against Home Depot for breach of contract for failing to apply for and obtain the required hot water heater permit.

Plaintiff cannot transform a mere breach of contract claim into a claim of unfair or deceptive conduct under FDUTPA. The Florida Deceptive and Unfair Trade Practices Act makes unlawful "unfair methods of competition,

unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.204(1).  A practice is unfair when it " 'offends established public policy and when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers' (or competitors or other businessmen)." *See Day v. Le-Jo Enters., Inc.,* 521 So. 2d 175, 178 (Fla. 3d DCA 1988).  A deception occurs only if there is a "representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment." *See Millennium Commc'ns & Fulfillment, Inc. v. Office of the Attorney Gen.,* 761 So. 2d 1256, 1263 (Fla. 3d DCA 2000).  Conduct constituting a breach of contract may be cognizable under FDUTPA.  *See PNR, Inc. v. Beacon Prop. Mgmt., Inc.,* 842 So. 2d 773, 777 n. 2 (Fla.2003).  However, absent "significant allegations of unfair or deceptive conduct," a complaint that merely alleges intentional breach of contract is insufficient to state a claim under FDUTPA.  *See Hache v. Damon Corp.,* 2008 WL 912434 at *2 (M.D.Fla.2008); *Matrix Group Ltd., Inc. v. Rawlings Sporting Goods Co.,* 477 F.3d 583, 596 (8th Cir.2007) ("The Florida Supreme Court has cautioned that breaches of contract, without more, are insufficient to state a claim under the statute.").  The court has been directed to no case in which mere intentional breach of contract has been found to constitute a violation of FDUTPA.  As such, all claims under FDUTPA are improper.

**IT IS ORDERED:**

Defendant's Motion to Dismiss (Doc. 8) is **granted in part** as follows:

1. All claims based on Home Depot's alleged collection of permitting fees in localities where no such permitting fees are required are **DISMISSED with prejudice.**

2. Plaintiff's claims brought under the Florida Deceptive and Unfair Trade Practices Act are **DISMISSED without prejudice.**

3. Plaintiff's breach of contract claim against Home Depot for failing to apply the collected $35 fee towards the required hot water heater permit remains.

4. Plaintiff is granted leave to amend her complaint pursuant to Fed. R. Civ. P. 15.

**ORDERED** on June 29, 2009.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**