# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

SHARON KAY WILLARD, individually
and for all others similarly situated,

    Plaintiff,

vs.                                                CASE NO. 5:09-cv-110/RS-MD

HOME DEPOT, U.S.A., INC.,

    Defendant.

_____/

## ORDER

Before me are Defendant's Motion for Summary Judgment (Doc. 39) and Plaintiff's Response in Opposition (Doc. 55). Defendant's Motion for Summary Judgment is **GRANTED**.

### I.    BACKGROUND

Plaintiff seeks damages on behalf of herself and others similarly situated "to stop Home Depot from knowingly breaching its contract with customers, and to put an end to Defendant's nationwide consumer fraud scheme." (Doc. 21 at 5). On November 30, 2007, Plaintiff entered into a contract with Home Depot for the purchase of a forty-gallon electric hot water heater. (Doc. 1-3 at 1). Plaintiff further agreed to pay Home Depot an additional $350 to arrange for a subcontractor to install the water heater in Plaintiff's home. (Doc. 1-3 at 1,6). The

installation charge included a $35 fee for a permit to install the water heater. (Doc. 1-3 at 2). Plaintiff admits that her place of residence, the City of Callaway, Florida, requires a permit to replace a hot water heater. (Doc. 1 at ¶ 51). Plaintiff alleges that neither Home Depot nor its subcontractor obtained the permit.

At the time of Plaintiff's purchase, Home Depot contracted with Mark A. Krautheim to install water heaters purchased from the Panama City store. (Doc. 39-5, ¶ 10). After Plaintiff paid for the water heater and installation, Home Depot contacted Mr. Krautheim to install the water heater and gave him the $35 collected from Plaintiff to cover the cost of the permit. *Id.* Plaintiff concedes that Home Depot furnished her with a defect-free water heater and that Mr. Krautheim performed a defect-free installation. (Doc. 39-7 at 37-38, 44-46). Plaintiff claims that she first learned that a permit had not been obtained for her when she was contacted by an employee of her current legal counsel sometime in 2008. *Id.* at 46-47, 49. Plaintiff admits that she suffered no injury by the installer's failure to obtain the permit. *Id.* at 45-46 (stating that her water heater functions and that she has not been cited or contacted by the City of Callaway for not having a permit). Plaintiff further admits that she never notified Home Depot that the installer had not obtained the permit, thereby affording Home Depot no opportunity to remedy the situation without the expense of litigation. *Id.* at 50, 52. Home Depot first learned that the installer had not obtained Plaintiff's permit when Plaintiff served

Home Depot with this lawsuit. (Doc. 39-5, ¶ 9). After Plaintiff filed this lawsuit, Home Depot took action to verify that Plaintiff had not received her permit and then purchased a permit for her. (Doc. 39-7. ¶¶ 10-11). On June 3, 2009, Home Depot sent Plaintiff her water heater permit. *Id.* at ¶ 11. On July 23, 2009, Plaintiff moved for class certification.

Plaintiff's only remaining claim against Home Depot is for breach of contract in failing to obtain a permit for the installation of the water heater. (Doc. 22).

## II. STANDARD OF REVIEW

The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251, 106 S. Ct. 2505, 2512 (1986). The moving party has the burden of showing the absence of a genuine issue as to any material fact, and in deciding whether the movant has met this burden, the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). Thus, if reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment. *Miranda v. B & B Cash*

*Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992) (*citing Mercantile Bank & Trust v. Fidelity & Deposit Co.*, 750 F.2d 838, 841 (11th Cir. 1985)). However, a mere 'scintilla' of evidence supporting the nonmoving party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party. *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (*citing Anderson*, 477 U.S. at 251).

### III.   ANALYSIS

#### A.   Any Breach by Home Depot was Immaterial

Under Florida law, a material breach is an essential element of a breach of contract claim. *Beck v. Lazard Freres & Co.*, 175 F.3d 913, 914 (11th Cir. 1999). A breach does not constitute a material breach unless its nonperformance goes "to the essence of the contract; it must be the type of breach that would discharge the injured party from further contractual duty on his part." *Beefy Trail, Inc. v. Beefy King Int'l, Inc.*, 267 So.2d 853, 857 (Fla. 4th DCA 1976). Mere "failure to perform some minor part of [a party's] contractual duty cannot be classified as a material or vital breach." *Covelli Family, L.P. v. ABG5, L.L.C.*, 977 So.2d 749, 752 (Fla/ 4th DCA 2008) (quoting *Beefy Trail*, 267 So.2d at 857).

Any breach arising from the subcontractor's failure to obtain Plaintiff's permit and the resulting delay in obtaining the permit did not go to the "essence" of the contract. The essence of the parties' contract was that Home Depot would

provide Plaintiff with a properly functioning electric water heater and arrange for a professional to properly install it. Plaintiff admits that Home Depot performed both of those duties. Plaintiff further admits that the water heater was in good condition when it was installed and that she has experienced no problems attributable to the installation. What's more, Plaintiff concedes that she has suffered no injury as a result of the delay in obtaining the permit.

The undisputed evidence demonstrates that Home Depot performed the obligations that formed the essence of its contract with Plaintiff. Plaintiff paid for and received a new, functioning water heater that was installed in a professional manner in a timely fashion. The subcontractor's failure to obtain a permit, therefore, is nothing more than a failure to perform a minor part of the contract, particularly given that the permit was later obtained upon Home Depot receiving notice of the alleged breach. *Covelli Family, L.P.*, 977 So. 2d at 752. Consequently, any breach caused by the delay in obtaining the permit was not a material breach and cannot form the basis for a breach of contract cause of action in Florida. Because Plaintiff cannot sustain a claim for breach of contract based on the delay in obtaining the permit, Home Depot is entitled to summary judgment.

### B. Failure to Provide Notice

Even if Plaintiff were able to maintain a cause of action for breach of contract, Plaintiff is barred from bringing legal action against Home Depot because

she failed to notify Home Depot of the breach. Plaintiff's claims are governed by the Uniform Commercial Code, as adopted in Florida, because the predominant factor in the "hybrid" contract between Plaintiff and Home Depot was the sale of the water heater. *BMC Indus., Inc. v. Barth Indus., Inc.*, 160 F.3d 1332, 1329-30 (11th Cir. 1998) (specifically declaring that a contract for the installation of a water heater is a "transaction of sale, with labor incidentally involved," and therefore falls under the UCC). Under Florida law, Plaintiff was obligated to notify Home Depot of the alleged breach of contract within a "reasonable time" after she discovered or should have discovered the breach or "be barred from any remedy." Fla. Stat. § 672.607(3)(a) (2009); *Hapag-Lloyd v. Marine Indem. Ins. Co.*, 576 So.2d 1330, 1330-31 (Fla. 3d DCA 1991). Failure to provide such notice denies parties the opportunity to avoid litigation by allowing sellers to cure alleged breaches and mitigate damages before a lawsuit is filed. *In re Holistic Sercs. Corp.*, 29 B.R. 509, 512 (Bankr. S.D. Fla. 1983).

Plaintiff claims that Home Depot was on notice that Plaintiff may not have received her permit because similar lawsuits had been previously filed in other parts of the country and because Home Depot had conducted an internal investigation to determine whether permits had been obtained. Plaintiff's argument fails in light of the plain reading of the statute, however. Under Florida law, the buyer, not a third party, is required to notify the seller of an alleged breach

or else be barred from any remedy. There is no provision in the law for constructive notice of an alleged breach. Because Plaintiff failed to provide notice, she is barred from any remedy for the alleged breach. Fla. Stat. § 672.607(3)(a) (2009).

### C. Plaintiff Lacks Standing to Assert Claim on Behalf of Class

Because Plaintiff's claim is barred, it does not present a justiciable case or controversy. To present a case or controversy under Article III, a plaintiff must have a live claim not only at the time the plaintiff files her complaint, but throughout the litigation. *Tucker v. Phyfer*, 819 F.2d 1030, 1034 (11th Cir. 1987). In a class action lawsuit, a named plaintiff must have a live claim both when she filed the complaint and when the court decides whether to certify the putative class. *Id.* at 1033; *Murray v. Auslander*, 244 F.3d 807, 810 (11th Cir. 2001) (holding that named plaintiff must have Article III standing to represent putative class). If the named plaintiff's claim becomes moot before the court rules on her motion for class certification, the named plaintiff lacks standing either to prosecute her individual claim or to represent the putative class. *Tucker*, 819 F.2d at 1033; *Zeidman v. J. Ray McDermott & Co.*, 651 F.2d 1030, 1046 (5th Cir. Unit A July 1981) ("[I]f the named plaintiffs' individual claims become moot before a class has been certified, no justiciable claims are at that point before the court and the case must as a general rule be dismissed for mootness.").

In this case, Home Depot fully remedied Plaintiff's only alleged injury before she even moved for class certification. The sole basis for Plaintiff's claim is that Home Depot breached the parties' contract because Plaintiff did not receive her water heater permit. On June 3, 2009, Home Depot sent Plaintiff the water heater permit. In doing so, Home Depot provided complete relief for Plaintiff's sole alleged injury because Plaintiff suffered no damages from the delay in obtaining her permit. Plaintiff filed her class certification motion on July 23, 2009, over seven weeks after she received the permit. Accordingly, Plaintiff's claim must be dismissed as moot and Plaintiff is barred from representing the putative class.

## IV.    CONCLUSION

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment (Doc. 39) is **GRANTED.**

2. Plaintiff's Motion to Certify Class (Doc. 30) is **DENIED as moot.**

3. Defendant's Motion to Seal Exhibits (Doc. 38) is **DENIED as moot.**

4. Plaintiff's Motion to Strike (Doc. 59) is **DENIED as moot**.

5. Defendant's Motion to Limit Communication with Putative Class Members (Doc. 63) is **DENIED as moot.**

6. Plaintiff's Motion to Compel (Doc. 82) is **DENIED as moot.**

7. The clerk is directed to enter judgment dismissing Plaintiff's claims with prejudice and to close the file.

**ORDERED** on December 7, 2009.

<u>/S/ Richard Smoak</u>
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**